UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RONALD PATTERSON,
          -Plaintiff

       -v-                          Civil 3-02-CV-951 (CFD)

TRAVELERS CASUALTY & SURETY
COMPANY, BOCE BARLOW, JR.,
and PAUL LEWIS,
          -Defendants

### REPORT AND RECOMMENDATION

1. This action does not "arise under" any law of the United States. Therefore, there is no subject matter jurisdiction under 28 U.S.C. §1331. This is apparent from a reading of the Amended Complaint (Dkt. #40).

2. Despite the allegations of the Amended Complaint, the court does not have jurisdiction of this action under 28 U.S.C. §1352. By its terms, that statute applies only to actions against a bond "executed under any law of the United States." Id. The bond in the instant case is a run-of-the-mill bond required by the Probate Court of the State of Connecticut. No provision of *federal law* required the bond in this case. Since the bond here is not "under any law of the United States," 28 U.S.C. §1352 is unavailing to the plaintiff. Rader v. Manufacturers Cas. Ins. Co. of Philadelphia,

242 F.2d 419, 427 (2d Cir. 1957); Oper. Eng. Health & Welfare v. JWJ Contracting, 133 F.3d 671, 676 (9th Cir. 1998).

3. The court also lacks jurisdiction under 28 U.S.C. §1332. For there to be jurisdiction under that statute, there must be complete diversity of citizenship. Strawbridge v. Curtiss, 3 Cranch 267 (1806). There is not complete diversity in this case. The plaintiff is a citizen of Connecticut, as is the defendant Travelers. Compare Paragraphs 2 and 5 of the Amended Complaint. The defendant Paul Lewis is not alleged to be of diverse citizenship and, indeed, he also appears to be a citizen of Connecticut.

4. It appears from a sua sponte examination of the record, and the magistrate judge hereby formally suggests, that the court lacks subject matter jurisdiction in this case. Therefore, the magistrate judge recommends that this action be dismissed with prejudice. Fed. R. Civ. P. 12(b)(1) and (h)(3).

5. If this action is dismissed with prejudice, then the following motions should be denied: Travelers' motion to dismiss or for summary judgment (**Dkt. #42**); plaintiff's motion for default judgment (**Dkt. #50**); and plaintiff's motion for a planning conference (**Dkt. # 53**).

6. The plaintiff is hereby advised that he has the right to timely seek the district judge's review of this report and

recommendation and to object thereto. 28 U.S.C. §636. The plaintiff is further advised that his failure to timely object to this recommendation will likely result in the dismissal of this case with prejudice. The plaintiff is also advised that failure to timely seek review may bar further review. 28 U.S.C. §636(b)(1)(B); <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15, 16 (2d Cir. 1989); Rule 72(a) and (b), Fed. R. Civ. P.; Local Rules of Civil Procedure for the District of Connecticut; and Local Rules for United States Magistrate Judges.

Dated at Hartford, Connecticut, this 5th day of December, 2003.

Thomas P. Smith
United States Magistrate Judge