UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON )<br>　　Plaintiff Pro Se, )<br> )<br>v. )<br> )<br> )<br>TRAVELERS CASUALTY & SURETY )<br>COMPANY, BOCE W. BARLOW, JR., )<br>and PAUL LEWIS )<br>　　Defendants. )<br>_____ ) | C.A. No. 3:02cv00951 (CFD) |

## MEMORANDUM IN SUPPORT OF OBJECTION OF TRAVELERS CASUALTY & SURETY COMPANY TO PLAINTIFF'S MOTION AND NOTICE - FOR ORDER REMANDING ACTION TO STATE COURT

Defendant Travelers Casualty & Surety Company ("Travelers") submits the following Memorandum in Support of Its Objection to Plaintiff's Motion and Notice - for Order Remanding Action to State Court.

### BACKGROUND

On August 5, 2003, Travelers served its Motion to Dismiss or in the Alternative, Motion for Summary Judgment. On December 5, 2003, United States Magistrate Judge Thomas P. Smith issued his Report and Recommendation regarding that motion, among others, in which he determined *sua sponte* that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332 and 1352. Accordingly, Magistrate Judge Smith recommended that this action be dismissed with prejudice. The Report and Recommendation advised Plaintiff that he had the right to timely seek the district judge's review and to object thereto, and that failure to timely object would likely result in

dismissal of the case with prejudice. As of the date of this objection, Plaintiff has not objected to the Magistrate Judge's Report and Recommendation. Rather, Plaintiff filed a motion requesting remand of the case to state court.

## ARGUMENT

### A.  Plaintiff Has Waived His Right to Object to the Magistrate's Report and Recommendation By Failing to Timely File an Objection.

"When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." Allen v. Colgate Palmolive Co., 1986 WL 13812 (S.D.N.Y. 1986) (quoting McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)). Thus, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Allen, 1986 WL 13812, at *2.

Pursuant to 28 U.S.C. §636(b)(1)(B), a party may serve and file written objections to a magistrate's proposed findings and recommendations within ten days after being served with a copy. In this case, the Magistrate's Report and Recommendation was filed on December 5, 2003. Plaintiff has as yet filed no objection to the Report and Recommendation. Rather, Plaintiff has filed a request that this matter be remanded to state court. Plaintiff, however, has provided the court with no authority for remanding this matter to state court. This is not a case where the defendant removed the matter from state court and the Plaintiff now seeks remand to a state court jurisdiction. To the contrary, Plaintiff himself sought this jurisdiction and filed in the first instance in this court. It is only now, where the magistrate judge has recommended dismissal of the matter with prejudice

based on lack of subject matter jurisdiction, that Plaintiff seeks a remand from this Court to state court. Because Plaintiff has not provided the Court with any authority for such action, his request should be denied.

Moreover, this Court should adopt the Report and Recommendation of the Magistrate Judge. In his Report and Recommendation, Magistrate Judge Smith held that this Court lacked subject matter jurisdiction on several grounds including (1) that the matter does not involve a question of federal law, (2) that the bond at issue was not executed under any law of the United States; and (3) that the parties are not of diverse citizenship. Because there is no clear error regarding this finding, the Court should adopt the Report and Recommendation and dismiss this matter with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Travelers Casualty & Surety Company respectfully requests that the Court deny Plaintiff's Motion for Remand, adopt the Report and Recommendation of Magistrate Judge Smith and dismiss this matter with prejudice.

Respectfully submitted,

TRAVELERS CASUALTY & SURETY COMPANY
By its attorneys,

_____
Bradford R. Carver
CT. Fed. No. 12846
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500

Local Rule 2C Counsel:
James Mack
Travelers Casualty and Surety Company
One Tower Sq., 14CZ
Hartford, CT 06183

### CERTIFICATE OF SERVICE

I, Bradford R. Carver, hereby certify that on the 7 day of January, 2004, a copy of the forgoing was sent via first class mail, postage prepaid to:

Mr. Ronald Patterson
133 Hunting Street #1
Hartford, CT 06105

and

James Mack
Travelers Casualty and Surety Company
One Tower Sq., 14CZ
Hartford, CT 06183

_____
Bradford R. Carver
CT. Fed. No. 12846

314085/01037-0042

- 4 -