02cv951 report

54

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2003 DEC -5 P 1:55
US DISTRICT COURT
HARTFORD CT

RONALD PATTERSON,
          -Plaintiff

-v-

Civil 3-02-CV-951 (CFD)

TRAVELERS CASUALTY & SURETY
COMPANY, BOCE BARLOW, JR.,
and PAUL LEWIS,
          -Defendants

FILED 2004 MAR -4 A 7:45 US DISTRICT COURT HARTFORD, CT

### REPORT AND RECOMMENDATION

1. This action does not "arise under" any law of the United States. Therefore, there is no subject matter jurisdiction under 28 U.S.C. §1331. This is apparent from a reading of the Amended Complaint (Dkt. #40).

2. Despite the allegations of the Amended Complaint, the court does not have jurisdiction of this action under 28 U.S.C. §1352. By its terms, that statute applies only to actions against a bond "executed under any law of the United States." Id. The bond in the instant case is a run-of-the-mill bond required by the Probate Court of the State of Connecticut. No provision of *federal law* required the bond in this case. Since the bond here is not "under any law of the United States," 28 U.S.C. §1352 is unavailing to the plaintiff. Rader v. Manufacturers Cas. Ins. Co. of Philadelphia,

---

Magistrate Judge Smith's Report and Recommendation [Doc. # 54] is hereby APPROVED, as modified. See Fed.R.Civ.P. 72; D.Conn.L.Mag.R. 72.2; 28 U.S.C. § 636. Accordingly, as there is no basis for subject matter jurisdiction over the plaintiff's claims, the case is DISMISSED without prejudice to any claim arising under state law. The Court has considered the plaintiff's objection to Judge Smith's Report and Recommendation in arriving at this decision. The clerk is directed to close the case.

So ordered.

Christopher F. Droney
United States District Judge
3/3/04